UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


CARLTON MARBURY,                          )         CASE NO. 1:09 CV 407
                                          )
              Plaintiff,                  )         JUDGE PATRICIA A. GAUGHAN
                                          )
       v.                                 )
                                          )         MEMORANDUM OF OPINION
TIM HICKS, JR, *et al.*                   )         AND ORDER
                                          )
              Defendants.                 )


       *Pro se* plaintiff Carlton Marbury filed this action under 42 U.S.C. § 1983 against

Mansfield Correctional Institution ("MANCI") Corrections Officer Tim Hicks, Jr., Lieutenant

Shaw, Corrections Officer Clayton, Warden Hudson, Deputy Warden of Operations Sheldon,

Lieutenant Iceman, Alice Caine, Dr. Airadi, Institutional Inspector Sharon Berry, and Ohio

Department of Rehabilitation and Correction ("ODRC") Director Terry Collins.  In the complaint,

plaintiff alleges the defendants inflicted unnecessary pain when responding to an altercation and

were deliberately indifferent to his serious medical needs.  He seeks monetary damages and a

reduction in his security classification.

## Background

       Although Mr. Marbury's pleading is quite lengthy, it contains very few facts.  Mr.

Marbury was involved in an incident on June 30, 2008 which resulted in injury to his finger.  He

does not elaborate on the nature of the incident.  He contends Officer Hicks was "last on the scene" and "completely ignored chain of command, overview and assessment of this situation, thereby causing havoc in this situation/incident."  (Compl. at 7.)  He indicates that when Officer Hicks arrived, Lieutenant Shaw, Corrections Officer Girtman, and Corrections Officer Clayton had already secured the area.  Officer Hicks immediately placed him in handcuffs, and began to squeeze the finger Mr. Marbury had injured.  Mr. Marbury contends he screamed in pain but Officer Hicks would not relieve the pressure on his finger until he arrived at the quartermaster's office.  He contends Officer Hicks inflicted unwanton pain.  He further alleges Lieutenant Shaw and Corrections Officer Clayton witnessed Officer Hicks's behavior and failed to intervene.

In addition, Mr. Marbury claims Ms. Caine and Dr. Airadi failed to initially diagnose his injured finger.  Both Ms. Caine and Dr. Airadi initially concluded that his finger was not broken and told him to apply ice as needed.  He claims an x-ray taken on July 16, 2008 revealed that the finger had sustained a fracture.  He claims Ms. Caine and Dr. Airadi violated his Eighth Amendment rights.

Mr. Marbury asserts multiple claims against Warden Stuart Hudson, ODRC Director, Terry Collins, and Deputy Warden of Operations Mr. Sheldon.  He indicates that warden "instituted wrongful confinement."  (Compl. at 14.)  He claims the warden denied him due process by failing to "assist in complexity of rule," failed to give 48 hour written notice of placement in local control, failed to follow the Ohio Administrative Code, imposed a punishment disproportionate to the infraction, transferred him to another institution, allowed unsanitary conditions in segregation, did not overrule the decisions of the rules infraction board, disregarded the testimony of favorable witnesses, failed to provide a written summary of the hearing, and

retaliated against him by raising his security level.  (Compl. at 14.)  He states Mr. Collins failed to

properly supervise Ohio prison staff.  He asserts the Deputy Warden of Operations also failed to

properly supervise staff and to correct their decisions.  He contends Mr. Sheldon failed to convene

an impartial Rules Infraction Board panel, and refused to contact the Ohio Highway Patrol.

Finally, Mr. Marbury claims that Lieutenant Iceman and Institutional Inspector

Sharon Berry subjected him to unjust punishment and failed to follow proper procedures.  He

claims Lieutenant Iceman was not impartial because he was a friend of Officer Hicks.  He claims

Lieutenant Iceman also selected the members of the Rules Infraction Board without following the

proper procedures. He indicates Lieutenant Iceman raised his security classification because he

complained about his rights.  He contends the Institutional Inspector "wrote in review-slight

incident.  Management didn't consider health or seriousness of the activity which caused the initial

placement under AT policy 5120-0-13.1."  (Compl. at 22.)  He indicates that the Institutional

Inspector did not effectively resolve his grievances.

### Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*,

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to
the plaintiff and without service of process on the defendant, if the court explicitly states that it
is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one
of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.
1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054
(1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177,
1179 (6th Cir. 1985).

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, the claims against Warden Hudson, Deputy Warden of Operations Sheldon, Lieutenant Iceman, Alice Caine, Dr. Airadi, Institutional Inspector Sharon Berry, and ODRC Director Terry Collins are dismissed pursuant to §1915(e).

       As an initial matter, plaintiff's claims against Warden Hudson, Deputy Warden of Operations Sheldon and ODRC Director Terry Collins are based upon their alleged failure to supervise other defendants.  Respondeat superior is not a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845.  Liability of supervisors cannot be based solely on the right to control employees, *Bellamy,* 729 F.2d at 421, nor "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays,* 668 F.2d at 874).  There is no indication in the complaint that Warden Hudson, Deputy Warden of Operations Sheldon or ODRC Director Terry Collins engaged in those types of activities.

       The Institutional Inspector is included as a defendant for failing to conduct an adequate investigation to favorably resolve Mr. Marbury's grievances.  Responding to a grievance

-4-

or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Mr. Marbury failed to allege facts to reasonably indicate that the Institutional Inspector engaged in activities which violated his constitutional rights.

In addition, Mr. Marbury claims Ms. Caine and Dr. Airadi were deliberately indifferent to his serious medical needs. In order to establish a claim for inadequate medical care under the Eighth Amendment, plaintiff must demonstrate that the defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). Both Ms. Caine and Dr. Airadi initially diagnosed Mr. Marbury's finger as swollen but not broken. He was told to apply ice as needed. An x-ray taken two weeks later revealed that the initial diagnosis was incorrect. There are no facts alleged in the instant complaint, even liberally construed, reasonably suggesting the sort of deliberate action necessary to give rise to a valid Eighth Amendment claim. Estelle, 429 U.S. at 105. Instead, the allegations at most amount to a claim of negligence diagnosis, actionable, if at all, under state tort law.

Finally, he claims Lieutenant Iceman denied him due process at his Rules Infraction

Board hearing and retaliated against him for asserting certain rights.  The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotations and citation omitted). We "reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Sandin*, 515 U.S. at 480 (quotation marks and citation omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485.  The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221.  In *Sandin*, the Supreme Court held that a prisoner's thirty-day confinement in disciplinary segregation was "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," *Sandin*, 515 U.S. at 487, and did not "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Id*. at 485.  In contrast, in *Wilkinson*, the Supreme Court held that prisoners "have a liberty interest in avoiding assignment to [super-maximum security prison]." *Wilkinson*, 545 U.S. at 224. The Sixth Circuit has held that a prisoner's designation as a member of a security threat group did not give rise to a liberty interest, *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir.2005), nor was a liberty interest implicated in a substance abuse regulation that banned most

-6-

visitation for prisoners found guilty of two or more substance abuse violations. *Bazzetta v. McGinnis*, 430 F.3d 795, 802-03 (6th Cir.2005).

Mr. Marbury contends that Lieutenant Iceman failed to follow proper procedures outlined in the Ohio Administrative Code. Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Id*. The fact that Mr. Iceman did not follow the proper procedures for conducting the rules infraction board hearing does not infringe a liberty interest, and therefore does not trigger due process protections.

Similarly, Mr. Marbury's transfer to a more secure facility does not implicate the Due Process Clause. A prisoner has no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. *Olim*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997).

An inmate has a First Amendment right to file grievances against prison officials. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). To state a constitutional claim, however, the plaintiff must not only show he exercised this First Amendment right, but also must demonstrate that the adverse actions taken against him were motivated, at least in part by the grievances he filed. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Mr. Marbury indicated he was involved in some incident which resulted in the issuance of a conduct report on unspecified charges. There are no facts set forth in the complaint which reasonably suggest that his conviction on those conduct charges and the increase in his security classification were based upon an intent to retaliate against Mr. Marbury, as opposed to being based on the conduct for which he was found guilty and

punished.

## Conclusion

Accordingly, the claims against Warden Hudson, Deputy Warden of Operations Sheldon, Lieutenant Iceman, Alice Caine, Dr. Airadi, Institutional Inspector Sharon Berry, and Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins are dismissed . The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This action shall proceed solely on Mr. Marbury's Eighth Amendment claims against Tim Hicks, Jr., Lieutenant Shaw, and Corrections Officer Clayton.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 7/1/09

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-8-