**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CARLTON MARBURY,** )<br>)<br>  **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**TIM HICKS, JR., et al.,** )<br>)<br>  **Defendants.** ) | **CASE NO. 1:09CV407**<br><br>**MAGISTRATE JUDGE GREG WHITE**<br><br><br><br>**ORDER** |

On February 23, 2009, Carlton Marbury ("Marbury"), *pro se* plaintiff, filed an action pursuant to 42 U.S.C. § 1983 alleging constitutional violations against numerous Mansfield Correctional Institution employees. Specifically, the complaint alleged that the defendants inflicted unnecessary pain upon Marbury when responding to an altercation that occurred on June 30, 2008, and subsequently were deliberately indifferent to his serious medical needs. On July 1, 2009, the Court dismissed several claims and defendants, leaving only an Eighth Amendment claim against defendants Lieutenant Shaw ("Lt. Shaw"), Corrections Officer Clayton ("C/O Clayton"), and Corrections Officer Hicks, Jr. ("C/O Hicks, Jr."). (Doc. No. 6 at 8.) On September 29, 2009, the parties consented to the jurisdiction of the undersigned Magistrate Judge pursuant to the authority of 28 U.S.C. § 636(c)(2).

**1) Motion for Reconsideration** (Doc. No. 16)

On August 25, 2009, Marbury filed a motion for reconsideration of the Court's July 1, 2009 Order dismissing several claims and defendants. (Doc. No. 16.) He requested the Court to reconsider its decision, however, he presented no new arguments. Therefore, his motion for reconsideration is denied. *See McWilliams v. S.E. Inc.,* 2009 WL 3736044, *1, Case No.

5:07cv3700 (N.D. Ohio Oct. 29, 2009) (rehashing of a previously rejected argument is not a reason for a court to grant a motion for reconsideration); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.*, 906 F.Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table).

**2) Motions for Leave to File Amended Complaint** (Doc. Nos. 24, 34)

On October 15, 2009, Marbury filed a motion for leave to file an amended complaint.[1] (Doc. No. 24.) On October 25, 2009, Marbury filed a second motion for leave to file an amended complaint setting forth substantially the same facts, but raising additional specific allegations against Corrections Officer Girtman ("C/O Girtman"). (Doc. No. 34.) Defendants opposed both motions for leave to amend. (Doc. Nos. 25, 36.)

A *pro se* complaint is to be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

The granting or denial of a motion to amend pursuant to Fed.R.Civ.P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Court should consider factors

---

[1]The Case Management Order dated September 25, 2009, allowed Marbury until December 4, 2009, to amend his Complaint. However, since Defendants opposed Marbury's motion to amend arguing that no factual allegations were raised against certain defendants, the Court addresses those arguments.

2

such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman* 371 U.S. at 182; *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994); *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

Marbury sought to amend his complaint by adding the following persons as defendants:

**a) Corrections Officer Girtman**. In Marbury's second motion for leave to amend his complaint, he raised allegations that C/O Girtman approached him at his work station and pointed a finger in his face because Marbury had allegedly cursed at him. (Doc. No. 34 at 2.) C/O Girtman then allegedly called for C/O Clayton to escort Marbury to his cell for "cell restriction." *Id* at 3. Defendants argued that Marbury's claim against C/O Girtman was based on allegations of verbal abuse and harassment. (Doc. No. 36 at 1.) It is well-established that allegations of verbal abuse and harassment are insufficient to state a civil rights claim under § 1983. *See Johnson v. Dellatifia,* 357 F.3d 539, 546 (6th Cir. 2004)*; Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F.Supp. 662, 667 (E.D.Mich. 1990); *see also Welch v. Chapman*, No. 07-CV-12334, 2008 WL 544618, *5 (E.D. Mich. Feb.27, 2008) (adopting magistrate judge's report concluding that assistant deputy warden's alleged remark that he hates Farrakhan and his supporters did not support a free-standing constitutional claim or a claim that the defendant deliberately discriminated against prisoner's religion).

Here, the Court concludes that Marbury's allegations of finger-pointing and orders of cell restriction by C/O Girtman fail to state a claim upon which relief may be granted under § 1983. *See Mizori v. Miller,* 2009 WL 777640, *2, Case No. 5:09cv10824, (E.D. Mich. Mar. 20, 2009).

**b) Corrections Officer Windom** ("C/O Windom"). Defendants argued that the only allegation against C/O Windom was that he terminated Marbury from a job assignment at the prison. However, Marbury stated that on August 27, 2008, C/O Windom "chopped" him in the neck/head.[2] (Doc. No. 24 at 3.) A prisoner may state an Eighth Amendment claim for excessive force under § 1983 by alleging that he has been assaulted by a corrections officer. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). However, a prison inmate must allege facts sufficient to show that he suffered a serious or grave deprivation or harm to state such a claim. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The Eighth Amendment's prohibition of cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (internal quotations omitted); *see also Leary v. Livingston Co.*, 528 F.3d 438, 443 (6th Cir. 2008) (officer's karate chop to back of plaintiff's neck was *de minimis* where plaintiff stated there was no pain or injury). An absence of serious injury is relevant to the Eighth Amendment inquiry. *Hudson*, 503 U.S. at 7; *see also Mizori*, 2009 WL 777640, \* 2. As Marbury has presented sufficient factual allegations that may survive a motion to dismiss, the Court grants his motion for leave to amend his complaint as to C/O Windom.

**c) Corrections Officer Gray** ("C/O Gray"). In the motion for leave to amend the complaint, Marbury indicated that Gray **threatened** to break his finger a second time. (Doc. No. 24 at 3.) A plaintiff's asserted fear from spoken words is not an actual infringement of a constitutional right, and therefore, it is not actionable under § 1983. *Emmons v. McLaughlin*, 874 F.2d 351, 353-54 (6th Cir. 1989); *see also Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985) (per curiam), *aff'g*, 576 F.Supp. 875 (N.D.Ohio 1983); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir.)

---

[2] Also, although Marbury did not name Windom as a defendant in his Complaint, he stated in the exhibit to the Complaint that he was physically assaulted by Windom. (Doc. No. 1-1 at 19.)

(per curiam), *cert. denied*, 464 U.S. 821, 104 S.Ct. 86 (1983). As Marbury presented no other factual allegations as to C/O Gray's conduct, except for the threatening statement, Marbury's motion for leave to amend his complaint is denied as to C/O Gray.

**d) Corrections Officer Hall** ("C/O Hall"). Marbury stated no allegations whatsoever against C/O Hall. Therefore, his motions for leave to amend the complaint are denied as to C/O Hall.

**e) Sergeant DeWalt** ("Sgt. DeWalt"). Marbury stated no allegations of misconduct by Sgt. DeWalt in his motions for leave to amend his complaint. Therefore, the motions to amend the complaint are denied as to Sgt. DeWalt.

**3) Motion for Appointment of Counsel** (Doc. Nos. 23, 27)

Marbury filed two motions for appointment of counsel. (Doc. Nos. 23, 27.) Defendants argued that counsel should not be appointed as Marbury has not established an exceptional circumstance to warrant the appointment of counsel and because his complaint is futile. (Doc. Nos. 26 and 28.)

In an action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[3] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (*quoting United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (*quoting Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and

---

[3]Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel."

legal issues involved.'" *Id.* (citations omitted). Such an exceptional case exists when "denial of proper representation would result in fundamental unfairness impinging upon the prisoner's due process rights...." *Childs v. Duckworth*, 705 F.2d 915 (7th Cir. 1983); *Mars v. Hanberry*, 752 F.2d 254 (6th Cir. 1985).

In *Childs*, the Court identified the following factors that should be considered: (1) whether the plaintiff's claim appears to be meritorious; (2) the plaintiff's ability to investigate the factual matters at issue; (3) whether the case is highly dependent upon effective cross-examination, such as where proper resolution depends upon determining which of several witnesses is being truthful; (4) whether the plaintiff appears capable of presenting the evidence in a coherent fashion; and (5) the complexity of the factual and legal issues presented. *Childs*, 705 F.2d at 922. The threshold question is whether there are merits to the indigent plaintiff's claim. *Id.* "Even though the claim is not frivolous, it does not follow that the indigent litigant has the right to the appointment of counsel if his chances of success are extremely slim." *Id.*

The Court finds that at this stage in the litigation it is too soon to determine Plaintiff's chances of success in order to answer the threshold question. Nonetheless, the complexity of the issues in the case does not appear to necessitate the appointment of counsel. Consequently, the Court finds that Marbury has not set forth any "exceptional circumstances" warranting appointment of counsel at this time.

**4) Motion for Deposition Protective Order (Doc. No. 38)**

Marbury also filed a motion for a protective order in which he appears to ask the court to either appoint an attorney or suspend his scheduled deposition. (Doc. No. 38.) As the Court has declined the appointment of counsel, this portion of the motion is denied as moot. Marbury also appears to ask the Court to suspend the deposition pursuant to Fed. R. Civ P. 26(c)(1)(B). However, under this section of the rule a Court may only specify the terms of a deposition, such as time and place. It cannot suspend a deposition. As a litigant who chose to file an action in federal court, Marbury must appear for his own deposition. He must work in good faith with opposing counsel to ensure that the case proceeds in accordance with applicable procedural rules and orders. Therefore, his motion for protective order is denied.

For the foregoing reasons, Marbury's first motion for leave to amend his complaint is granted in part and denied in part. (Doc. No. 24.) The second motion for leave to amend is denied. (Doc. No. 34.) Marbury's request to add C/O Windom regarding a second incident that allegedly occurred on August 27, 2008, is granted, but his request to add the other named individuals as defendants is denied. Therefore, in accordance with the Court's July 1, 2009 Order and this Order, the action shall proceed on Marbury's Eighth Amendment claims against defendants Lt. Shaw, C/O Clayton, and C/O Hicks, Jr. regarding the June 30, 2008 incident and against C/O Windom regarding the August 27, 2008 incident.

Marbury's motion for reconsideration (Doc. No. 16), motions for appointment of counsel (Doc. Nos. 23 and 27), and motion for protective order (Doc. No. 38) are denied.

IT IS SO ORDERED.

                                                     s/ Greg White
                                                  United States Magistrate Judge

Dated:   December 16, 2009