**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CARLTON MARBURY,** ) | **CASE NO. 1:09CV407** |
| ) | |
| Plaintiff, ) | |
| ) | **MAGISTRATE JUDGE GREG WHITE** |
| v. ) | |
| ) | |
| **TIM HICKS, JR., et al.,** ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION & ORDER** |

On August 5, 2010, and November 3, 2010, this Court granted summary judgment in favor of Defendants Correction Officer ("C/O") Tim Hicks, Jr., C/O Brian Claytor, Lt. Pam Shaw and C/O Windom (collectively referred to as "Defendants") on an Eighth Amendment violation raised by Plaintiff Carlton Marbury ("Marbury"). (Doc. Nos. 126, 145.) The Court accordingly entered judgment dismissing the case. (Doc. No. 146.) Marbury now moves this Court for relief from judgment pursuant to Fed.R.Civ. P. 60(B). (Doc. No. 147.) He also seeks an evidentiary hearing. *Id*. For the following reasons, the Court denies Marbury's motion.

**I. Background**

Marbury filed his complaint, *pro se*, on February 23, 2009, alleging several constitutional violations under 42 U.S.C. § 1983 against numerous Mansfield Correctional Institution ("MCI") employees. The Court granted in part Defendants' motion to dismiss, eliminating all counts, except for a cruel and unusual punishment claim under the Eighth Amendment based upon an alleged assault and battery occurring on June 30, 2008 by Defendants C/O Hicks, C/O Claytor and Lt. Shaw. Marbury contended that his finger was maliciously fractured by C/O Hicks and that C/O Claytor and Lt. Shaw failed to protect him. Subsequently, the Court, granting a motion to amend the complaint, allowed an action to also proceed against C/O Windom regarding a

September 24, 2008, altercation. On August 5, 2010, the Court granted summary judgment to C/O Hicks, C/O Claytor, and Lt. Shaw; on November 3, 2010, the Court granted summary judgment to C/O Windom and dismissed the case.

On March 21, 2011, Marbury moved for relief from judgment pursuant to Fed.R.Civ. P. 60(B) and requested an evidentiary hearing in order to develop the facts referred to in the motion. (Doc. No. 147.)

## II. Legal Standard

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment where he shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (*quoting Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (internal citations and quotations omitted).

To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect. *Brown v. White*, 124 F.3d 196 (Table), 1997 WL 570399 at *2 (6th Cir. Sept.11, 1997) (*citing Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980)). Under 60(b)(2), a court may relieve a party from a final judgment if the movant shows some material newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." *Pierce v. United Mine Workers of America Welfare and Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985). Broader equitable

principles apply to the use of Rule 60(b)(6). *Id*. (*citing Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981). Courts should use Rule 60(b)(6) only in exceptional or extraordinary circumstances, and only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b). *Pierce*, 770 F.2d at 451 (internal and external citations excluded).

### III. Anaylsis

Marbury contends that new information has been discovered since the Court's ruling, but he fails to present or describe what this consists of. (Doc. No. 147 at 3.) Furthermore, he requests an evidentiary hearing so that the alleged new evidence could be developed. *Id*. A 60(B) motion, however, requires that the newly discovered evidence be proffered in the motion. *See Rittner v. Thrower*, 2006 WL 1876880, *2 (S.D. Ohio Jul. 5, 2005). Morever, the Sixth Circuit has recognized and followed "the well-conceived rule that newly discovered evidence for motions under ... Rule 60(b) (2) must pertain to evidence which existed at the time of trial." *Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) (*citing Boyd v. Bulala*, 905 F.2d 764 (4th Cir. 1990)). Marbury has not demonstrated that a clear error of law or newly discovered evidence exists, or that an intervening change in controlling law has occurred. Lastly, the Court finds that Marbury has not demonstrated that his case presents such exceptional or extraordinary circumstances that relief from judgment must be granted in the interests of justice. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). No valid grounds to vacate the Court's judgment under Rule 60(b) have been presented.

### IV. Conclusion

For the foregoing reasons, the Court denies Marbury's motion to vacate its judgment granting summary judgment to the Defendants. (Doc. No. 147.)

IT IS SO ORDERED.

                                                               s/ Greg White
                                                           United States Magistrate Judge

Date: April 6, 2011